UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOHN MONTECALVO,<br><br>             Petitioner,<br><br>   vs.<br><br>VIMAL J. SINGH, Warden,<br><br>             Respondent. | CASE NO. CV 11-08555 R (RZ)<br><br>ORDER TO SHOW CAUSE |

       The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that this habeas action is time-barred.

       In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). For prisoners like Petitioner, whose conviction became final before AEDPA took effect, the limitation period instead typically begins with AEDPA's effective date of April 24, 1996. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1058 (9th Cir. 2007).

///

///

1  The time spent in state court pursuing collateral relief in a timely manner is
2  excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is
3  subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560,
4  2562-63, 177 L. Ed. 2d 130 (2010).

5  The current petition was filed on October 14, 2011. From the face of the
6  petition and from judicially-noticeable materials, the Court discerns that –

7  (a)  In 1990, a Los Angeles Superior Court jury convicted Petitioner Daniel John
8       Montecalvo of murder with use of a firearm. He was sentenced to 27 years
9       to life in state prison. Pet. ¶ 2.

10 (b)  Petitioner appealed. After several years, the California Court of Appeal
11      affirmed on January 12, 1994. *See People v. Montecalvo*, No. B057539, Cal.
12      Ct. App. (2d Dist. 1994). The California Supreme Court denied a petition for
13      further direct review on April 20, 1994. *See People v. Montecalvo*, No.
14      S038119, Cal. Supreme Ct. (1994). Petitioner did not petition the United
15      States Supreme Court for a writ of *certiorari*.

16 (c)  Three years passed. In April of 1997, Petitioner filed two habeas corpus
17      petitions in this Court, one *pro se*, *see generally* docket in case no. CV 97-
18      3021 R (BQR), and one with counsel, *see generally* docket in case no. CV 97-
19      3172 DDP (RZ). The Court dismissed the latter action in December 1997 as
20      "mixed," i.e., because Petitioner had not exhausted some of his claims.
21      Petitioner voluntarily dismissed the former action in January 1998.

22 (d)  Thirteen and a half more years passed, apparently without any further state-
23      court challenges by Petitioner to his conviction.

\* \* \* \* \*

26 Unless this Court has miscalculated the limitations period, or some form of
27 additional tolling applies in sufficient measure, this action is time-barred. It appears that
28 Petitioner's limitations period expired over 14 years ago, in April 1997, one year after

AEDPA's effective date. No basis for equitable tolling appears from the face of the petition.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: October 24, 2011

/s/ Ralph Zarefsky
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE